IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                                                           PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:20-cv-251-NBB-JMV

CHRISTOPHER J. CUMMINS, M.D.                                                                    DEFENDANT

## ORDER DENYING MOTION TO DISMISS

Presently before the court is the defendant Christopher J. Cummins' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

The United States brings this civil action against Cummins pursuant to the False Claims Act, 31 U.S.C. § 3729, for allegedly submitting claims to Medicare for non-covered, non-FDA-approved products under billing codes for covered (and much more expensive) FDA-approved products. As treatment for osteoarthritis of the knee, Cummins allegedly injected patients with a viscosupplementation agent ("VA") containing hyaluronan that was allegedly unlawfully manufactured and sold by a compound pharmacy in Arkansas. A viscosupplementation agent is a device injected into the knee joint to relieve pain associated with osteoarthritis. Hyaluronan, also known as hyaluronic acid, is a chemical compound that is an ingredient in the VAs. Cummins allegedly billed Medicare for these injections under codes for brand-name VAs giving no indication that he had injected the patients with, and was billing Medicare for, substances that were not the brand name but rather a non-approved device.

"A district court should dismiss for failure to state a claim only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The complaint must be liberally

construed in favor of the plaintiff, and all well-pleaded facts accepted as true." *Id.* "Even if it seems 'almost a certainty to the court that the facts alleged cannot be proved to support the legal claim,' the claim may not be dismissed so long as the complaint states a claim." *Id.* at 376 (quoting *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984)).

A violation of the False Claims Act "occurs when '(1) there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a claim).'" *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (quoting *United States ex rel. Longhi v. Lithium Power Techs., Inc.*, 575 F.3d 458, 467 (5th Cir. 2009)). Allegations of falsity and materiality must meet the particularity requirements of Rule 9(b); scienter "need only be pled plausibly pursuant to Rule 8." *Id.*

Upon review of the complaint and accepting the government's allegations as true, as the court must under Rule 12(b)(6) review, the court finds that the government has sufficiently pled with detailed particularity claims for violations of the False Claims Act against Cummins, including each requisite element of the claims. The government's complaint therefore survives Rule 12(b)(6), and the defendant's motion to dismiss should be denied in its entirety. Any further issues on this matter would have to be taken up in summary judgment actions after discovery.

Accordingly, it is **ORDERED AND ADJUDGED** that the defendant's motion to dismiss pursuant to Rule 12(b)(6) is **DENIED**.

This 29th day of September, 2021.

       /s/ Neal Biggers
       NEAL B. BIGGERS, JR.
       UNITED STATES DISTRICT JUDGE